UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CAPITAL CASE**

CIVIL ACTION NO. 06-CV-181-JBC

VICTOR DEWAYNE TAYLOR, PETITIONER

V.   **MEMORANDUM OPINION AND ORDER**

THOMAS SIMPSON, Warden, RESPONDENT

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

The Court reviews Respondent Simpson's motion filed pursuant to Fed.R.Civ.P. 59 to reconsider the Order of March 23, 2011 [R. 57], which granted in part Petitioner Taylor's discovery motion. The Court will grant Simpson's motion to reconsider [R. 58] because under *Cullen v. Pinholster*, \_\_\_\_U.S.\_\_\_\_, 131 S.Ct. 1388 (2011), a federal district court's review of Taylor's habeas petition is limited to the record that was before the state court; therefore, this court cannot consider the discovery Taylor seeks to obtain in further support of his *Batson*[1] claim.

## BACKGROUND

In the interest of judicial economy, the background of this death penalty habeas case, as detailed at pages 1-3 of the *Memorandum Opinion and Order* [R. 57], is incorporated herein by reference.

---

[1] *Batson v. Kentucky,* 476 U.S. 79 (1986).

### *CULLEN V. PINHOLSTER*

Simpson's motion to reconsider is based primarily on *Pinholster*, a death penalty case decided on April 4, 2011, less than two weeks after this Court granted in part Taylor's discovery motion. Pinholster was convicted of two counts of murder and sentenced to death by a California jury. On appeal, the California Supreme Court affirmed his conviction. Pinholster then filed two related state habeas petitions asserting that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), and he supported those petitions with educational, medical, and legal records, as well as various declarations. The state court did not conduct an evidentiary hearing before denying the claims. The California Supreme Court affirmed that denial without discussion, simply stating that the petition was denied "on the substantive ground that it is without merit." *Pinholster*, 131 S.Ct., at 1396.

Pinholster then filed a federal habeas petition. The federal district court granted an evidentiary hearing on Pinholster's *Strickland* claims. At the evidentiary hearing, Pinholster questioned one of the doctors who had submitted a declaration in support of Pinholster's state court habeas petition, and he also presented two new medical experts. In light of the additional evidence, the federal district court granted Pinholster's habeas petition. *Id*. at 1397.

Sitting *en banc*, the Ninth Circuit affirmed the lower court's grant of habeas relief and held that the District Court's evidentiary hearing was not barred by 28 U.S.C. § 2254(e)(2). *Id.* The Ninth Circuit also determined that new evidence from the hearing could be considered in assessing whether the California Supreme Court's decision "was contrary

to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1). *Id.* Three judges dissented and rejected the majority's conclusion that it was permissible to look beyond the state court record. They characterized Pinholster's efforts in federal court as "habeas-by-sandbagging." *Id.* at 1398.

The United States Supreme Court granted certiorari to resolve whether "review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id*. In its analysis, the Court considered the interrelationship between Sections 2254(d)(1) and 2254(e)(2) of the AEDPA. Reversing the Ninth Circuit, the Court held that under § 2254(d)(1), a federal habeas court's review is limited to the record that was before the state court that adjudicated the claim on the merits, and that any evidence later introduced in federal court is irrelevant to § 2254(d)(1) review. *Id*.

The Supreme Court clarified that a federal district court should consider whether to grant a substantive evidentiary hearing pursuant to § 2254(e)(2) only if the state court did not decide the issue under review on the merits, noting as follows:

> . . . not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State court proceedings.' At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.

*Id.* at 1401. The Supreme Court further clarified that a decision on the merits need not be comprehensive. Even if the claim was summarily denied on the merits without discussion or analysis, as was the case with Pinholster's claim, the federal court's review is still limited

3

to the state court record. *Id.* at 1402. ("Section 2254(d) applies even where there has been a summary denial.")

## ANALYSIS

*Pinholster* provides an alternative bar to the consideration of "new" evidence on federal habeas review under § 2254(d). Thus, in considering whether to allow discovery on a federal habeas claim, the district court must first determine whether the state court adjudicated the claim on the merits. If so, then "review under § 2254(d)(1) is limited to the record that was before the state court." *Sheppard v. Bagley,* 657 F.3d 338, 349 (6th Cir. 2011). If this court is limited to the state-court record and unable to consider anything beyond it to decide Taylor's *Batson* claim, permitting discovery and additional evidence as to that claim would be futile and a waste of judicial resources. *See Parrish v. Simpson*, 3:09-CV-254-H, 2011 WL 1594789 (W.D. Ky., April 27, 2011), also decided post-*Pinholster*.

If the state court did not decide the issue under review on the merits, however, then a different analysis must be performed, and a federal district court must consider whether to grant a substantive evidentiary hearing pursuant to § 2254(e)(2). *Pinholster* recognized that "[n]ot all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State court proceedings.' At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Pinholster*, 131 S.Ct. at 1401.

4

Thus, the first order of business is to determine whether Taylor's *Batson* claim was decided on the merits in state court. On direct appeal, Taylor asserted forty-four (44) claims of error, including his *Batson* claim. The Kentucky Supreme Court summarily rejected the *Batson* claim, among others, noting that its opinion concentrated only on meritorious claims. Specifically, the Kentucky Supreme Court stated:

> Taylor, through counsel, raises forty-four assignments of alleged error in this appeal. We have carefully reviewed all of the issues presented by Taylor and this opinion will concentrate on the question of the admissibility of the Wade confession and the propriety of the trial judge's refusal to grant a second change of venue. Allegations of error which we consider to be without merit will not be addressed here.

*Taylor v. Commonwealth*, 821 S.W.2d 72, 74 (Ky. 1990).

Thereafter, Taylor moved the trial court, pursuant to RCr 11.42, to vacate, set aside, or correct his sentence. In a proposed amendment, Taylor again raised his *Batson* claim in this post-conviction action and later introduced evidence in support of that claim at an evidentiary hearing. The trial court denied Taylor's RCr 11.42 motion, and the Kentucky Supreme Court affirmed on appeal. *Taylor v. Commonwealth*, 63 S.W.3d 151 (Ky. 1991).

On direct appeal, the Kentucky Supreme Court summarily denied Taylor's *Batson* the claim without any explanation. Nevertheless, a summary denial constitutes an adjudication on the merits. To reiterate from *Pinholster*, "[s]ection 2254(d) applies even where there has been a summary denial. *See Richter*, 562 U. S., at ___ , 131 S.Ct., at 786." *Id*. at 1402. Thus, this Court's review of Taylor's habeas petition under § 2254(d)(1) is limited to the record that was before the state court. It would therefore be futile to allow discovery on Taylor's *Batson* claim as the Court is unable to consider any evidence that is not a part of the state-court record.

5

Notwithstanding Taylor's argument that *Pinholster* addressed only a fully developed claim, adjudicated on the merits in state court, and decided in federal court under § 2254(d)(1) and that *Pinholster* did not concern habeas litigation under § 2254(d)(2), he is not entitled to discovery on his *Batson* claim under 2254(d)(2):

> The plain language of 28 U.S.C. § 2254(d)(2) also limits the Court's review to of [sic] "the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Pinholster*, 131 S.Ct. at 1400 n. 7. Thus, under both Section[s] of 2254(d), the Court may not consider outside evidence unless the petitioner did not already litigate the issue on the merits.

*Trimble v. Bobby*, Civil No. 5:10-CV-00149, 2011 WL 1527323, *2 (N.D. Ohio, April 19, 2011). The fact that Taylor's *Batson* claim is raised under both § 2254(d)(1) and (d)(2) is of no moment and does not entitle him to the discovery prohibited by *Pinholster*.

Accordingly, **IT IS ORDERED** that:

1. Respondent Simpson's motion filed pursuant to Fed. R. Civ. P. 59, to reconsider the Order of March 23, 2011 [R. 58] is **GRANTED**.

2. The Memorandum Opinion and Order of March 23, 2011 [R. 57] is **VACATED** and **SET ASIDE**.

3. Taylor's motion for discovery under Rule 6 of the Rules Governing Section 2254 Cases [R. 45] is **DENIED**.

Signed on February 6, 2012



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6